UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID WILLIAM BOONE COTTRELL,

Plaintiff,

v.

MARSHALL COUNTY PROSECUTOR
OFFICE, et al.,

Defendants.

CAUSE NO. 3:19CV648-PPS/MGG

OPINION AND ORDER

David William Boone Cottrell, a prisoner without a lawyer, filed a complaint

under 42 U.S.C. § 1983 against the Marshall County Prosecutor's Office and Marshall

County Superior Court #1 because he believes his rights are being violated by the

Honorable Robert Bowen and Prosecutor Joseph Simanski in a pending criminal case.

ECF 1. Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the

action is frivolous or malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief against a defendant who is immune from such relief.

I apply the same standard as when deciding a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must state a claim for relief that is plausible on its

face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* at 603. Nevertheless, a *pro se* complaint must be liberally construed "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Honorable Robert Bowen and Prosecutor Joseph Simanski are immune from suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Similarly, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). This legal authority requires a conclusion that Bowen and Simanski are themselves immune from liability to Cottrell in this action.

Here, Cottrell has not sued Judge Bowen or Prosecutor Simanski directly. He has instead sued the offices where they are employed. Such claims are foreclosed because there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Furthermore, local government liability under 42 U.S.C. § 1983 is dependent on an analysis of state law, and under Indiana law a superior court is not an entity that has the capacity to sue or be sued. *See* IND. CODE § 36-1-2-10; *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Similarly, the

Marshall County Prosecutor's Office is an arm of the state and therefore entitled to immunity. *See Hendricks v. New Albany Police Dep't*, No. 4:08-CV-0180-TWP-WGH, 2010 WL 4025633, at *3 (S.D. Ind. Oct. 13, 2010)("[S]uing the Prosecutor's Office—a state agency—is akin to suing the State of Indiana itself. Thus, the doctrine of sovereign immunity precludes Plaintiff's suit.").

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. Therefore, I must dismiss this case pursuant to 28 U.S.C. § 1915A because it does not state a claim upon which relief could be granted.

ACCORDINGLY:

The court DISMISSES this action pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED on August 21, 2019.

_/s/ Philip P. Simon_____
JUDGE
UNITED STATES DISTRICT COURT